**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| ZACHARY BUTTS-ANDERSON, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 4:24-cv-01164 |
| COLLECTION MANAGEMENT COMPANY d/b/a CREDIT MANAGEMENT COMPANY, | JURY TRIAL DEMANDED |
| Defendant. | |

**COMPLAINT**

**NOW COMES** ZACHARY BUTTS-ANDERSON ("Plaintiff"), by and through his undersigned counsel, complaining of COLLECTION MANAGEMENT COMPANY doing business as CREDIT MANAGEMENT COMPANY ("Defendant") as follows:

**NATURE OF ACTION**

1.      Plaintiff brings this action seeking redress against Defendant for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq*., and violations of the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. §392 *et seq*.

**JURISDICTION AND VENUE**

2.      Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.      This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367.

4.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) as Plaintiff resides in the Southern District of Texas and a substantial portion of the events or omissions giving rise to

the claims occurred within the Southern District of Texas.

## PARTIES

5.      Plaintiff is a natural person over 18-years-of-age who resides in Houston, Texas

6.      Defendant is a debt collection company with its principal office located at 661 Anderson Dr., Ste. 110, Pittsburgh, Pennsylvania 15220, and it specializes in collecting debts owed to others. Defendant regularly and systematically does business in Texas and across the United States. Defendant regularly attempts to collect debts allegedly owed by consumers residing in Texas.

## FACUTAL ALLEGATIONS

7.      Prior to the events giving rise to this action, Defendant acquired the right to collect approximately $668 in medical charges from Cascade Capital Funding, LLC, which was originally owed to First Texas Hospital ("subject debt" or "alleged debt").

8.      In or around September 2023, Plaintiff began receiving collection calls to his cellular telephone ending in 6037 from Defendant.

9.      At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 6037.

10.      Fed up with the harassing collection calls, Plaintiff answered a call from Defendant.

11.      During this call, Defendant informed Plaintiff that it was attempting to collect on the subject debt which Plaintiff purportedly incurred around June 7, 2018.

12.      Completely unaware of any alleged debt, Plaintiff demanded Defendant stop calling his cellular phone,

13.      Despite Plaintiff requesting the collection calls cease, Defendant continued contacting Plaintiff with collection calls from telephone number (954)-324-7905.

14.    In or around November 2023, Defendant once again contacted Plaintiff attempting to collect the alleged debt, this time informing Plaintiff that it was reporting the alleged debt on his credit reports.

15.    Plaintiff, concerned for the standing of his credit worthiness, offered to resolve the subject debt despite Plaintiff having no knowledge of the alleged debt. Defendant refused Plaintiff's offer.

16.    Defendant continued contacting Plaintiff to collect the alleged debt in disregard of his requests and declined Plaintiff's numerous attempts to resolve the alleged debt for a lesser amount.

17.     On January 2, 2024, Defendant sent Plaintiff a dunning letter as an additional means of attempting to collect the alleged debt purportedly owed by Plaintiff.

18.    On February 26, 2024, Plaintiff answered another call from Defendant and explained that he would pursue legal action against Defendant if it did not cease its harassing collection practices.

19.    Defendant acted intentionally when it contacted Plaintiff in a blatant attempt to harass, abuse, and dragoon Plaintiff into making an immediate payment on the subject debt.

20.    Plaintiff felt extremely worried that there could be negative consequences if he did not pay the debt, even though he knew he did not have any knowledge of owing the alleged debt.

21.    Defendant's conduct has severely disrupted Plaintiff's daily life and general well-being as Plaintiff constantly feared serious consequences.

22.    Defendant's illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, wasting Plaintiff's time, emotional distress,

aggravation that accompanies unsolicited debt collection efforts, harassment, anxiety, and loss of concentration.

23.     Concerned about the violations of his rights, Plaintiff was forced to seek the assistance of counsel to file this action to prevent Defendant from further deception in the future, thus incurring costs and expenses.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24.     Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

25.     Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

26.     The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

27.     Defendant is a "debt collector" as defined by §1692a(6) because it is a business, the principal purpose of which, is the collection of debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

28.     Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

29.     Defendant used telephone calls and mail to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

30.     Defendant violated 15 U.S.C. §§1692c(a)(1), d, e, e(2), e(10) and f through its unlawful debt collection practices.

**a. Violations of FDCPA §1692c**

4

31.     Pursuant to § 1692c(a)(1) of the FDCPA, a debt collector is prohibited from contacting a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer…" 15 U.S.C. §1692c(a)(1).

32.     As set forth above, Plaintiff requested that Defendant cease its collection calls to his cellular phone.

33.     Despite having actual knowledge that its collection calls were unwanted, Defendant made the conscious decision to continue its harassing phone calls, which were clearly inconvenient to Plaintiff.

34.     In other words, since Plaintiff did not want any calls from Defendant, any call placed after the cease request was known by Defendant to be an inconvenient time for Plaintiff.

35.     Defendant violated § 1692c(a)(1) by placing collection calls to Plaintiff's cellular phone at a time Defendant knew to be inconvenient for Plaintiff.

**b.  Violations of FDCPA § 1692d**

36.     Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d.

37.     Defendant violated §1692d by placing collection calls to Plaintiff's cellular phone number in an attempt to collect the subject debt after Plaintiff requested that the calls cease.

38.     Defendant's conduct in systematically placing unwanted calls to Plaintiff's cellular phone number is inherently harassing and abusive.

39.     Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff.

40.     The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff requested that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

41.     As pled above, Plaintiff has been harmed as a result of Defendant's conduct.

**c.   Violations of FDCPA §1692e**

42.     Defendant violated §1692e, e(2) and e(10)  by using false, deceptive, and misleading representation in connection to collection of an alleged debt. Defendant knew its calls were unwelcomed at the time Defendant demanded payment from Plaintiff yet Defendant deceptively misrepresented Defendant's legal right to continue calling consumers after it is made aware that such calls are unwelcome.

43.     Furthermore, Defendant acted wrongfully when it continued to make calls and send a collection letter to collect on the subject debt when it was informed that the Plaintiff was no longer consented to any contact from Defendant to Plaintiff.

**d.   Violations of FDCPA §1692f**

44.     Defendant violated §1692f when it used unfair and unconscionable means to collect the alleged debt. Plaintiff demanded Defendant cease its collection attempts several time yet Defendant unfairly harassed Plaintiff with its collection efforts anyway in hopes that Plaintiff would make a payment.

45.     As an experienced debt collector, Defendant knew or should have known the ramifications of placing collection calls to collect on a debt that when it is no longer permitted to place such calls.

46.     Upon information and belief, Defendant has no system in place to assure its debt collection practices are in compliance with the FDCPA.

47.     As pled above, Plaintiff has been harmed as a result of Defendant's conduct.

**WHEREFORE**, Plaintiff, ZACHARY BUTTS-ANDERSON respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.  Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b.  Enjoin Defendant from continuing to contact Plaintiff;

c.  Award Plaintiff statutory and actual damages, for the underlying FDCPA violations;

d.  Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

e.  Award any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

48.     Plaintiff restates and realleges paragraphs 1 through 41 as though fully set forth herein.

49.     Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

50.     Defendant is a "debt buyer" as defined by Tex. Fin. Code Ann § 392.307(2)

51.     Defendant is a "third party collector" as defined by Tex. Fin. Code Ann § 392.001(7).

52.     The subject debt is a "debt" and a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

**a.  Violations of TDCA § 392.302**

53.     Section 392.302 of the TDCA states that a debt collector may not place phone calls with the intent to "annoy, harass, or threaten a person at the called number." Tex. Fin. Code Ann. §392.302.

7

54.     Moreover, § 392.302(4) prohibits a debt collector from "causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number." Tex. Fin. Code Ann. §392.302(4).

55.     Defendant violated §392.302(4) of the TDCA by placing continuous unconsented phone calls to Plaintiff with the intent to harass Plaintiff and collect the alleged debt.

56.     As pled above, Plaintiff was harmed by Defendant's harassing collection call campaign.

**WHEREFORE**, Plaintiff, ZACHARY BUTTS-ANDERSON respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.  Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b.  Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c.  Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d.  Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e.  Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b) ; and

f.  Award any other relief as this Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: March 29, 2024                                    Respectfully submitted,

                                                         /s/ Marwan R. Daher
                                                         Marwan R. Daher, Esq.
                                                         *Counsel for Plaintiff*
                                                         Sulaiman Law Group, Ltd
                                                         2500 S Highland Ave, Suite 200
                                                         Lombard, IL 60148
                                                         Telephone: (630) 575-8181
                                                         mdaher@sulaimanlaw.com